J. R. BELL *et al.* v. J. W. LONG *et al.*

VENDOR AND VENDEE — *Real-Estate Contract, Construed — Time, not of
its Essence.* L. and T. sold certain real estate to B. and others, and
gave to B. a bond to convey the title to B. upon certain terms and
conditions. The full purchase-price of the property as shown by the
bond was as follows: "$7,000, to be paid as follows: $1,000 cash in
hand, and one note for $1,000, due in 30 days from date hereof;
and one note for $2,500, due on or before six months from the date
hereof; and one note for $2,500 due on or before 12 months from
date hereof;" and the bond provides as follows: "If said parties of
the first part [the vendors] shall, on or before the 15th day of Au-
gust, 1887, and upon full payment of said sum and sums of money,
execute and deliver "a deed of conveyance for the property to B., then
the bond shall be void," etc. The above "sums of money," except
about $375.75 thereof, due on the last note, were paid, substantially,
but not strictly as to time, in accordance with the terms of the con-
tract, and L. and T. on their part, on or about February 15, 1888, exe-
cuted deeds of conveyance for all the property, and all the deeds
were accepted except one for a small portion of the property; and
the vendees failed and refused to accept that deed or to pay the re-
mainder of the purchase-price due for the property. *Held,* That time
was not of the essence of the contract on either side, and that L. and
T. may maintain the action for the remainder due on the last note
given by B. and others.

*Error from Rice District Court.*

THE facts sufficiently appear in the opinion.

*A. M. Lasley,* for plaintiffs in error.
*Jones & Jones,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Rice county, on July 31, 1888, by J. W. Long and H. C. Taylor, partners as Long & Taylor, against J. R. Bell, A. M. Lasley, W. H. Carey, N. L. Grimes, C. H. Everest, J. H. Everest, J. E. Gilmore, and E. J. Loop, to recover a balance of $375.75, alleged to be due on a certain promissory note, and to foreclose all rights which the defendants might claim to certain real estate under a certain title bond. The aforesaid promissory note was given by the defendants to the plaintiffs upon a real-estate contract, whereby the plaintiffs sold to the defendants and agreed to convey to one of them, to wit, J. R. Bell, certain real estate described in the aforesaid bond given by the plaintiffs to Bell. The aforesaid promissory note, with the indorsements thereon, reads as follows:

"$2,500. LYONS, KAS., February 15, 1887.

"On or before one year after date, we, or either of us, promise to pay to the order of Long & Taylor $2,500, at the First National Bank, of Lyons, Kas., value received, with interest at 10 per cent. per annum.　　　J. R. BELL.
　　　　　　　　　　　　　　　　A. M. LASLEY.
　　　　　　　　　　　　　　　　WM. H. CAREY.
　　　　　　　　　　　　　　　　N. L. GRIMES.
　　　　　　　　　　　　　　　　C. H. EVEREST.
　　　　　　　　　　　　　　　　J. H. EVEREST.
　　　　　　　　　　　　　　　　J. E. GILMORE.
　　　　　　　　　　　　　　　　E. J. LOOP."

On the back of said note are the following credits:

| | |
|---|---|
| February 15, 1888, paid by W. H. Carey | $555 00 |
| February 16, 1888, paid by Everest Bros. | 550 80 |
| February 16, 1888, paid by J. R. Bell | 275 20 |
| February 17, 1888, paid by J. E. Gilmore | 550 40 |
| February 18, 1888, paid by McCash | 275 20 |

The aforesaid bond reads as follows:

"Know all men by these presents, that Long & Taylor, of Rice county, in the state of Kansas, of the first part, are held and firmly bound unto J. R. Bell, of Rice county, in the state of Kansas, of the second part, in the sum of $14,000.

"The condition of this obligation is such, that said parties

of the first part have agreed to grant, sell and convey unto said parties of the second part the following-described real estate, situated in Rice county and state of Kansas, to wit: Lots numbered 16, 18, 20, 22, and 24, in block No. 6, in White's addition to the city of Lyons, as shown by the recorded plat thereof, for the sum of $7,000, to be paid as follows: $1,000 cash in hand, and one note for $1,000 due in 30 days from date hereof, and one note for $2,500 due on or before six months from the date hereof, and one note for $2,500 due on or before 12 months from date hereof.

"Now, if said parties of the first part shall, on or before the 15th day of August, 1887, and upon full payment of said sum and sums of money, execute and deliver to said part... of the second part a good and sufficient warranty deed, conveying an absolute and indefeasible estate in fee-simple, with the usual covenants, in and to said tract and parcel of land, then this obligation shall be void; otherwise, to remain in full force and effect.

"IN WITNESS WHEREOF, The said parties of the first part have hereunto set their hands, this 15th day of February, 1887.                    LONG & TAYLOR."

It appears that the following words and figures in the above bond after the word "now," to wit, "15th," "August," and "87," were written in the bond, while the other words and figures in that clause were printed. Various proceedings were had in the case prior to the trial, which proceedings will be further noticed hereafter; and finally, and on January 21, 1889, a trial was had before the court without a jury, and the court found generally, and rendered judgment in favor of the plaintiffs and against the defendants for the sum of $592.98, the amount with interest still remaining due and unpaid on the promissory note sued on; and also ordered that said lot 22 be sold to satisfy the money judgment; and the defendants, as plaintiffs in error, bring the case to this court for review.

It would seem that the whole of the purchase-price for the property described in the bond, except that portion of such purchase-price still remaining due and unpaid on the promissory note sued on, was paid substantially, but not strictly as to time, in accordance with the terms of the original contract; and Long & Taylor on their part, on or about February 15,

1888, executed deeds for all such property; and all the deeds except a deed for lot number 22 were accepted. In accordance with the instructions of J. R. Bell, that deed was executed to A. M. Lasley, and deposited with the First National Bank of Lyons, to be delivered to Lasley whenever the remainder of the purchase-price for the property should be paid. Lasley had notice; but neither he nor any other of the defendants ever paid such remainder.

The principal ground of error now urged by the plaintiffs in error, defendants below, is, that the court below misconstrued the terms of the aforesaid bond, and for that reason erred in all its rulings. They claim that, under the terms of the bond and the facts of this case, the whole of the purchase-price for the property, to wit, "said sum and sums of money" as mentioned in the bond, was in fact paid at the time of the execution of the bond simply by the payment of the $1,000 in cash, and the delivery of the promissory notes mentioned in the bond; and that, without anything further being done by the defendants after the delivery of such notes, the plaintiffs were bound to execute and deliver, on or before August 15, 1887, a good and sufficient warranty deed for the property to Bell, the obligee; and that by failing so to do at that time they forfeited every right which they otherwise would have had. And the defendants further claim, that if the foregoing claim is not correct, then that the plaintiffs were bound to execute and deliver a good and sufficient warranty deed for the property to Bell, the obligee, on or before August 15, 1887, whether the last note, to come due on February 15, 1888, should ever be paid or not. The note that was to become due on or before August 15, 1887, and did so become due, was not paid until after August 15, 1887, and not until August 26, 1887. The decision of the court below was upon the theory that the plaintiffs were not bound to execute or deliver any deed for any of the property until full payment of the purchase-price for the property should be made.

We think the decision of the court below is correct. Under the terms of the bond, the deed was to be executed to Bell "on

or before the 15th day of August, A. D. 1887, *and upon full payment of said sum and sums of money."* It was to be executed only "upon *full* payment of *said sum and sums of money,"* and no deed was required to be executed or any conveyance made upon the delivery wholly or partly of promissory notes. It was the "full payment" of "*money*" that the parties had in contemplation. "Said sum and sums of money," as mentioned in the bond, were as follows: First, the $7,000, the full purchase-price of the property, including all the other sums; second, the $1,000 cash; third, the $1,000 represented by the note due in 30 days; fourth, the $2,500 represented by the note "due on or before six months;" fifth, the $2,500 represented by the note "due on or before 12 months," which was the last note to become due, and the one sued on. The last two notes mentioned in the bond were upon their faces to become due as follows: The first one was to become due "on or before six months after date," which would be on or before August 15, 1887; and the last one was to become due "on or before one year after date," which would be on or before February 15, 1888; hence, with reference to these two notes, the defendants had the right to pay them both at any time after their execution, which was on February 15, 1887; (Teid., Com. Paper, §25a, and cases there cited;) and by paying them with the other sums at any time "on or before the 15th day of August, 1887," they had the right under the provisions of the bond to require the plaintiffs at the time of such "full payment" to execute a deed for the property to the obligee of the bond. Of course they were not required to pay either note until the last day mentioned in the note for payment. In other words, they had the right to pay these notes immediately, or to defer payment thereon as follows: On the next to the last note until August 15, 1887, and on the last note until February 15, 1888; and time was not of the essence of the contract in any case nor on either side. The defendants would not forfeit any of their rights by failing, as they did fail, to pay their notes strictly at the time when they became due; nor would the plaintiffs forfeit their rights by failing to

execute a deed or deeds for the property strictly at the time when they might first be under obligation to execute such deed or deeds. This was certainly the view the parties took of the contract. The money in fact was not paid strictly at the time when it became due, and it does not appear that any-one, prior to the commencement of this suit, ever supposed that a deed for the property or for any part thereof would be exe-cuted until the purchase-money should be paid.

We think we have now disposed of all the substantial ques-tions in this case. These questions were raised by various proceedings had before the trial, by exceptions taken during the trial, and by a motion for a new trial after the trial; and after carefully considering all the proceedings in the case and all the assignments of error, we are of the opinion that no ma-terial error was committed.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.